IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-46-FL

| | |
|---|---|
| GAIL PIZARRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 18, 23). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R") (DE 26), wherein it is recommended that the court grant plaintiff's motion and deny defendant's motion. Defendant timely objected, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts in part the M&R, grants plaintiff's motion, denies defendant's motion, and remands this case to defendant for further proceedings.

## BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on August 23, 2018, alleging disability beginning December 1, 2012. Plaintiff's application was denied both initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), and the ALJ held a hearing on March 2, 2020. The ALJ denied plaintiff's claims by decision entered May 6, 2020. The Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then commenced

the instant action seeking judicial review on February 1, 2021.

## COURT'S DISCUSSION

A.    Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits.  The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1]  The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).  In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's.  Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013).  An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]."  See 28

---

[1]    Internal citations and quotation marks are omitted from all citations unless otherwise specified.

2

U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of December 1, 2012, through her date last insured of December 31, 2017. At step two, the ALJ found that plaintiff had the following severe impairments: obesity, psoriasis/dermatitis, degenerative disc disease of the lumbar spine, pens planus, degenerative joint disease of the right

knee, gastro-esophageal reflux disease (GERD), irritable bowel syndrome (IBS) with constipation, and hypertension. However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work, with the following limitations:

> the claimant can frequently climb ramps and stairs, but only occasionally climb stepladders up to 4 vertical feet in height with no climbing of higher ladders or of ropes or scaffolds of any height. The claimant can do frequent balancing, stooping, kneeling, crouching, and crawling. The claimant can do frequent handling, fingering, pushing, and pulling with the bilateral upper extremities. The claimant can have occasional exposure to extreme cold and heat, to wetness, humidity, vibration, and high exposed places. The claimant needs access to indoor toilet facilities within the work area. The claimant needs the ability to wear gloves when performing the assigned work as needed.

(Tr. 46). At step four, the ALJ concluded plaintiff has no past relevant work. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.   Analysis

Defendant objects to the magistrate judge's determination that remand is required on two alternative grounds: 1) because the ALJ failed to discuss and weigh a Department of Veterans Affairs ("VA") disability decision, and 2) because the ALJ failed to sufficiently explain plaintiff's need to have toilet access. The court agrees with defendant that the first ground does not require remand, but the court overrules defendant's objection as to the second ground. The magistrate judge correctly determined that a failure to explain plaintiff's need to have toilet access requires remand. Thus, the court adopts in part the analysis of the M&R as to the second ground. The

4

court writes separately to address the court's divergence from the M&R as to the first ground, and to augment the analysis of the M&R as to the second ground.

1. VA Decision

For claims filed on or after March 27, 2017, as with plaintiff's application in this case, Social Security regulations provide:

> Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. <u>Therefore, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits</u>. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim . . . .

20 C.F.R. § 404.1504 (effective March 27, 2017) (emphasis added).

Here, the ALJ explained his consideration of plaintiff's receipt of VA compensation for disability, as follows:

> The claimant's receipt of VA compensation for disability has also been considered . . . . The undersigned has considered this finding and notes that the Veteran's [sic] Administration is an agency that operates under rules, guidelines, standards, and philosophies different from those of the Social Security Administration. The criteria and standards as well as the rules and regulations used by the VA in determining disability are unique to that Agency and as such, the relevance of this opinion is limited. . . . The undersigned need not provide articulation about the evidence that is inherently neither valuable nor persuasive.

(Tr. 21). Under the plain terms of § 404.1504, no further explanation is required.

Plaintiff argues, and the M&R determined, nonetheless, that further explanation regarding the weight given the VA decision is required, on the basis of <u>Bird v. Comm'r of Soc. Sec. Admin.</u>, 699 F.3d 337, 343 (4th Cir. 2012) and <u>Woods v. Berryhill</u>, 888 F.3d 686, 691–92 (4th Cir. 2018). Neither <u>Bird</u> nor <u>Woods</u>, however, applied the current version of § 404.1504. Rather, they both

5

applied the prior version of § 404.1504, applicable only to claims filed prior to March 27, 2017, which provided:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504 (effective prior to March 27, 2017). Bird and Woods also applied Social Security Ruling (SSR) No. 06-03p, which explained:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies . . . because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

71 Fed. Reg. 45593-03 at 45596-45597 (SSR 06-03p) (emphasis added).

In holding that an ALJ must explain the weight given to a decision given by other agencies, both Bird and Woods relied upon the directives set forth in § 404.1504 and SSR 06-03p, then in force. See 699 F.3d at 343; 888 F.3d at 691-693. Woods, however, expressly noted that the prior version of § 404.1504 "only applies to claims filed before March 27, 2017." Woods, 888 F.3d at 691 n. 1 (emphasis added). And, "[f]or claims filed on or after March 27, 2017, ALJs must still consider the existence of disability decisions by other governmental or nongovernmental entities, and any evidence underlying those decisions, but are no longer required 'to provide written analysis about how they consider the decisions from other governmental agencies.'" Id. (quoting 82 Fed. Reg. at 5,848) (emphasis added).

Thus, based on the plain language of § 404.1504, and the express recognition in Woods of the change in the requirements in the new version of the regulation, further explanation regarding

6

the weight given to the VA decision was not required. In so holding, the court recognizes that this marks a divergence from some prior unpublished decisions in this district. However, the foregoing analysis and the weight of authority favors the instant approach. See, e.g., Rogers v. Comm'r of Soc. Sec., No. 320CV00206RJCDSC, 2022 WL 135310, at *3 (W.D.N.C. Jan. 13, 2022) (noting that "[t]here is . . . a trend in district courts across the country . . . that the revised regulations trump prior case law").

Accordingly, the court rejects the analysis of the M&R on this issue and determines that remand is not required on this ground.

2. Toilet Access

Generally, in making an RFC determination, an ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." Mascio, 780 F.3d at 636. While remand is not required "in cases where the ALJ does not discuss functions that are irrelevant or uncontested, . . . [r]emand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. In discussing the limitations in the RFC, "[t]he ALJ must build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189.

For example, in Monroe, the court held that remand was required where the ALJ "never made specific findings about whether Monroe's [severe impairments] would cause him to experience episodes of loss of consciousness or fatigue necessitating breaks in work and if so, how often these events would occur." 826 F.3d at 188 (emphasis added). In Dowling v. Comm'r of Soc. Sec. Admin., 986 F.3d 377 (4th Cir. 2021), the court held that remand was required because

7

"the ALJ should evaluate the frequency at which Appellant needed to use the bathroom and analyze how that restriction impacted her ability to work." Id. at 389 (emphasis added).

In this case, the ALJ found that plaintiff had severe impairments, including "irritable bowel syndrome (IBS) with constipation." (Tr. 14). In the RFC, the ALJ included the limitation that "[t]he claimant needs access to indoor toilet facilities within the work area." (Tr. 17-18). In light of the evidence in the record, this limitation in the RFC requires further explanation, regarding the duration and frequency of breaks needed for toilet usage. Such an explanation is important here because "[w]ithout a careful consideration of [a plaintiff's] functional capacities to support a residual functional capacity assessment based on an exertional category, the adjudicator may either overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do, or find that the individual has limitations or restrictions that he or she does not actually have." Mascio, 780 F.3d at 636.

Here, inadequacies in ALJ's evaluation of symptoms related to toilet usage "frustrate meaningful review." Id. In reviewing the evidence, the ALJ noted that plaintiff "reported that she has IBS with constipation and cramping." (Tr. 18; see Tr. 56-57). According to the ALJ, "[t]hese conditions were . . . conservatively managed with notes showing generally good symptom control." (Tr. 19). Medical examination notes show "chronic constipation," and "intermittent constipation," with suggestions for high fiber diet, and that plaintiff "drinks tea, which helps with movement." (Tr. 414, 523, 537, 564, 968). The ALJ nonetheless opined as follows regarding plaintiff's functional limitations: "[A]lthough claimant's IBS with constipation does appear to be adequately managed through the conservative measures, [it] is nonetheless found to be severe, and claimant is provided for work that can be performed in an area with access to indoor toilet facilities." (Tr. 20).

8

Case 5:21-cv-00046-FL   Document 29   Filed 03/30/22   Page 8 of 10

This determination is insufficient to draw a logical bridge between plaintiff's condition and functional limitations, because it does not explain how frequently or in what duration plaintiff would need "access to indoor toilet facilities." (Tr. 20). In its argument, defendant contends that "[w]hen the claimant's impairment requires a bathroom infrequently, her ability to stay on task should not be materially affected." (Def's Obj. (DE 27) at 8) (emphasis added). Defendant notes that "here, Plaintiff alleges that her constipation slows her bowel movements, such that she only eliminates waste every two to three days." (Id. (citing Tr. 57)) (emphasis added). Defendant thus attempts to distinguish a prior case, Taylor v. Astrue, No. 7:11-CV-162-FL, 2012 WL 3637254, at *6 (E.D.N.C. Aug. 1, 2012), in which the plaintiff experienced "excessive bowel movements."

Defendant's explanation, however, is not one that the ALJ provides in his own decision, particularly regarding the points about frequency and days of toilet usage emphasized above. In addition, neither defendant nor the ALJ discuss the duration of toilet usage that would be required. Moreover, plaintiff describes in her testimony not only constipation, but also pain, bloating, and cramping. (Tr. 56). The ALJ's inclusion of a toilet restriction in the RFC limitation suggests that there is some need for a different duration or frequency than normal in access to the toilet, but it does not specify what these needs are. If there is a different purpose for the need for access to the toilet, this also is not explained in the ALJ's decision.

In sum, remand is required because of a lack of adequate explanation of the extent of impact of this functional limitation on plaintiff's RFC. See Mascio, 780 F.3d at 636; Monroe, 826 F.3d at 188.[2]

---

[2] Because remand is required on this basis, the court does not address plaintiff's alternative argument that remand is required on Constitutional grounds, on the basis that the Social Security Administration's structure is unconstitutional. (See Pl's Mem. (DE 19) at 13-14).

9

## CONCLUSION

Based on the foregoing, the court ADOPTS IN PART and REJECTS IN PART the M&R (DE 26), as set forth herein. Plaintiff's motion for judgment on the pleadings (DE 18) is GRANTED, and defendant's motion for the same (DE 23) is DENIED. This case is REMANDED to defendant pursuant to sentence four of § 405(g), for the reasons stated herein. The clerk is DIRECTED to close this case.

SO ORDERED this 30th day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge